State v. Watkins

STATE OF NORTH CAROLINA v. GEORGE JOSEPH WATKINS

No. 7828SC900

(Filed 20 February 1979)

1. **Criminal Law §§ 66.3, 66.14— confrontation at courthouse—one-on-one confrontation at police station—in-court identification not tainted**

    The trial court in an armed robbery prosecution did not err in admitting identification testimony by the victim since the pre-arrest viewing of defendant by the victim in a waiting room of the courthouse was not suggestive, as the victim without prompting singled defendant out from 25 or 30 other people as the robber, and since a post-arrest one-on-one confrontation between defendant and the victim at the police station, though suggestive, did not taint the victim's in-court identification of defendant which was based on her observation of him at the well lighted crime scene for 10 minutes.

2. **Criminal Law § 34.5— armed robbery charged—prior occasions of exposing private parts—admissibility to show identity**

    In a prosecution for armed robbery where the evidence tended to show that the robber entered a store with his private parts exposed and forced the robbery victim to fondle his private parts, the trial court properly allowed two witnesses to testify concerning defendant's exposure of his private parts on two prior occasions since such evidence was admissible to show the identity of defendant.

APPEAL by defendant from *Snepp, Judge.* Judgment entered 26 April 1978 in Superior Court, BUNCOMBE County. Heard in the Court of Appeals 16 January 1979.

Defendant was found guilty as charged in the indictment of armed robbery, taking $30.00 from the person and possession of Sue Boyd, an employee of Hop-In Food Store, and appeals from the judgment imposing imprisonment.

The evidence for the State tends to show that on 24 November 1977, about 1:00 a.m., Sue Boyd observed defendant enter the store and get a cup of coffee, then leave and drive away in a red and white truck. About 5:00 a.m. defendant again entered the store, approaching Ms. Boyd with his privates exposed, pulled a gun from his pants, and told her to put the money in the cash register in a bag. Defendant walked up to the counter and forced her at gunpoint to fondle his privates. Defendant was there 5 to 10 minutes and left when a customer drove in the parking lot. Ms. Boyd telephoned the Asheville police.

Carol Freeman testified that on 4 November 1977 about 2:00 a.m. while working at Dunkin Donuts, located on Tunnel Road near the Hop-In Food Store, she saw defendant standing outside the window naked; he was masturbating. She watched him for three or four minutes, then walked to the phone at the back of the store. Defendant ran.

Robert N. Davis, a deputy sheriff, testified that on 12 November 1977 about 1:00 a.m., he was parked on a hill observing the Hop-In Store. He saw a man approach the store dressed in a coat but no trousers. Davis drove toward the store, reaching the parking lot when the man got to the door. The man ran to the woods. Davis and other officers gave chase and apprehended defendant in the woods.

Defendant did not testify but offered evidence which tended to show that during the night in question he, his brother, and his girl friend were at his brother's home which was about 6.1 miles from the Hop-In Food Store.

*Attorney General Edmisten by Special Deputy Attorney General John R. B. Matthis and Associate Attorney Norman M. York, Jr. for the State.*

*Long, McClure, Hunt & Trull by Robert B. Long, Jr. and Jeff B. Hunt for defendant appellant.*

CLARK, Judge.

[1] Defendant assigns as error the admission of the identification testimony of Sue Boyd, contending that his constitutional rights were violated by (1) the pre-arrest viewing of defendant by Ms.

Boyd with policeman Kelley in the waiting room on the seventh floor of the courthouse, and by (2) the post-arrest one-on-one confrontation by Ms. Boyd in an office at police headquarters.

Both before and after adversary judicial criminal proceedings have begun an accused has a Fifth Amendment protection against an identification procedure "so unnecessarily suggestive and conducive to irreparable mistaken identification" as to amount to denial of due process of law. *Stovall v. Denno*, 388 U.S. 293 at 302, 18 L.Ed. 2d 1199 at 1206, 87 S.Ct. 1967 (1967).

The pre-arrest identification of the defendant by Sue Boyd took place on 30 November 1977 in a waiting room on the seventh floor of the courthouse. The elevator opened in this area. During *voir dire* evidence was presented which tended to show that Ms. Boyd was advised by Officer Kelley that a person had been arrested for exposing his privates in a public place, that this person could be the one who had robbed her, that the man was scheduled for trial on that day, and that he would take her to a waiting room on the seventh floor of the courthouse. There were 25 to 30 people in the waiting room. People were moving about near the elevator. Ms. Boyd saw a man whose back was turned to her; when he turned so she could see his face she immediately pointed out defendant as the robber.

The post-arrest identification was a one-on-one confrontation after defendant was arrested under a warrant and taken by Officer Kelley to an office in the police station. Such confrontation is necessarily suggestive. *United States ex rel. Kirby v. Sturges*, 510 F. 2d 397 (7th Cir. 1975), *cert. denied* 421 U.S. 1016, 44 L.Ed. 2d 685, 95 S.Ct. 2424 (1975). The defendant does not contend that the procedure violated defendant's Sixth Amendment right to counsel. *United States v. Wade*, 388 U.S. 218, 18 L. Ed. 2d 1149, 87 S.Ct. 1926 (1967).

A suggestive and unnecessary identification procedure does not violate due process if the identification possesses sufficient aspects of reliability under the "totality of the circumstances" test of *Stovall, supra.* An unnecessarily suggestive procedure is not *per se* conducive to mistaken identification. *Manson v. Brathwaite*, 432 U.S. 98, 53 L.Ed. 2d 140, 97 S.Ct. 2243 (1977). The *Manson* case approved the factors bearing on reliability which

were set out in *Neil v. Biggers*, 409 U.S. 188, 34 L.Ed. 2d 401, 93 S.Ct. 375 (1972), as follows:

> (1) the opportunity of the witness to view the criminal at the time of the crime,
>
> (2) the witness' degree of attention,
>
> (3) the accuracy of the witness' prior description of the criminal,
>
> (4) the level of certainty demonstrated by the witness at the confrontation, and
>
> (5) the length of time between the crime and the confrontation.

After *voir dire* the court made findings of fact which included the following: Ms. Boyd saw defendant in the store which was well-lighted when he came in first for a cup of coffee; that when he returned and committed the robbery she saw him at a distance of a few feet for ten minutes; soon after he left she described him accurately to the police; she identified him immediately and positively when she saw him in the waiting room at the courthouse six days after the robbery.

The trial court concluded that Ms. Boyd's in-court identification was based on her observation of defendant at the store when the robbery was committed. The conclusion of the court that her in-court identification was not tinged by any improper identification is fully supported by the evidence, even though the one-on-one confrontation at the police station, a short time after the identification at the waiting room of the courthouse, was necessarily suggestive. It did not violate due process because her identification possessed sufficient aspects of reliability under the totality of the circumstances. We find no error in admitting in evidence the in-court identification of the defendant by Ms. Boyd.

[2]  Defendant next contends that the court erred in admitting the testimony of State's witness Carol Freeman relative to indecent exposure by defendant on 4 November 1977 at Dunkin Donuts, and the testimony of Deputy Sheriff Davis relative to indecent exposure by defendant on 12 November 1977. The person who committed the charged robbery entered the store with his

privates exposed, and he forced Ms. Boyd at gunpoint to fondle his privates. Obviously the perpetrator was a sexual deviate who was sexually gratified by exposing his private parts in public. The identity of the defendant was questioned. It was relevant on this question to offer evidence that defendant had exposed his private parts on two prior occasions, the first time 20 days and the second time 12 days before the day in question. The trial court properly instructed the jury that this evidence was admitted only for the purpose of identity.

Evidence of other offenses is inadmissible on the issue of guilt if its only relevancy is to show the character of the accused or his disposition to commit an offense of the nature of the one charged; but if it tends to prove any other relevant fact it will not be excluded merely because it also shows him to have been guilty of an independent crime. 1 Stansbury's N. C. Evidence, § 91 (Brandis rev. 1973). Although the North Carolina Court has not expressly recognized a separate category for sex offenses, the decisions are markedly liberal in holding evidence of similar sex offenses admissible, especially when the sex impulse manifested is of an unusual or unnatural character. "It may be that a special rule for cases of this sort will ultimately develop." 1 Stansbury's N. C. Evidence, *supra,* § 92 at 299. We find no merit in this assignment of error.

We have carefully examined and considered defendant's other assignments of error and arguments, and we find that discussion is not warranted. The defendant had a fair trial free from prejudicial error.

No error.

Judges VAUGHN and HEDRICK concur.